## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL SALVAGE & SERVICE CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>SULA VALLEY BIOGAS, SA DE C.V., AND HONDURAN GREEN POWER CORPORATION,<br><br>*Defendants.* | Civil Action No. 22-1428-TMH |

## **DECLARATION OF GARRETT SCHOPP**

I, Garrett Schopp, after being first duly sworn upon my oath state:

1. I am over the age of eighteen (18) years, of sound mind, have personal knowledge of, and am competent to testify regarding the matters in this declaration and could testify regarding these matters if called upon to do so.

2. I am the Railroad Department Specialist for National Salvage & Service Corporation ("NSSC"), a company in the business of selling mulched railroad ties for fuel.

3. Sula Valley Biogas, SA DE C.V. ("Sula Valley") and Honduran Green Power Corporation ("HGPC" and together with Sula Valley, the "Buyer") are energy companies in Honduras.

4. On June 16, 2021, NSSC and Buyer entered into a Sale of Goods Agreement (the "Agreement") for NSSC to supply and Buyer to purchase 20,000 metric tons of railroad tie fuel (the "Goods").

5. The Agreement permitted Buyer to order all the Goods at once or overtime through issuing purchase orders.

6. On June 23, 2021, Buyer issued a purchase order for 17,426.82 metric tons of Goods (the "Shipment").

7. Pursuant to the Agreement, NSSC engaged the M/V "Poland Pearl" V-G38073 (the "Poland Pearl") to transport the Goods from Morehead City, North Carolina to Port of Cortes, Honduras.

8. NSSC provided Buyer with notice that the Shipment would be ready at Port of Cortes on September 11, 2021.

9. On September 11, 2021, the Poland Pearl docked at Port of Cortes, Honduras, and was prepared to discharge its Shipment into the terminal yard at Port of Cortes; however, Buyer was not at the Port of Cortes to receive the Shipment.

10. In breach of the Agreement, Buyer failed to arrive at the Port of Cortes to retrieve the Shipment until September 21, 2021. Buyer's failure was without sound cause, much less justification.

11. On January 7, 2022, IFCHOR North America, the Poland Pearl's owner sent NSSC an invoice for $337,062.60 (the "Invoice:") in demurrage and lay-time charges incurred while the Poland Pearl sat at the Port of Cortes waiting for Buyer to retrieve the Shipment.

12. The Invoice amount was due on receipt, January 7, 2022.

13. The Agreement obligates Buyer to reimburse NSSC for the costs of the Invoice as well as all costs, including attorneys' fees, incurred by NSSC in bringing this action.

14. Under Delaware law and the Agreement, NSSC is entitled to prejudgment interest of 5% plus the Federal Reserve discount rate from the date of the invoice, January 7, 2022.

15. The Federal Reserve Discount rate on January 7, 2022 was 0.25%

16. As of the date of this Affidavit, Buyer has not paid NSSC for any of the Invoice, accrued interest, or its fees or expenses.

17. Sula Valley and HGPC are corporations and therefore not incompetent nor minors.

18. The Buyer is currently indebted to NSSC for the full amount of the Invoice, $337,062.60; plus interest at 5.25% per annum from January 7, 2022, $19,344.16 as of February 10, 2023, and continuing to accrue at a rate of $48.48 per day; as well as attorneys' fees and costs of bringing this action.

FURTHER DECLARANT SAYETH NOT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on 2/14/23                    _____
                                        Garrett Schopp