IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL SALVAGE & SERVICE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SULA VALLEY BIOGAS, SA DE C.V., et al.,<br><br>　　　　Defendants. | Civil Action No. 22-1428-TMH |

John M. Seaman and Christopher Fitzpatrick Cannataro, ABRAMS & BAYLISS LLP, Wilmington, Delaware; Riddhi Dasgupta, TAFT STETTINIUS & HOLLISTER LLP, Washington, District of Columbia; Adam D. Zacher, TAFT STETTINIUS & HOLLISTER LLP, Indianapolis, Indiana

　　*Counsel for Plaintiff*

## MEMORANDUM OPINION

July 25, 2023
Wilmington, Delaware

**HUGHES, CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before me is Plaintiff's Application for Default Judgment, D.I. 14, which appears to be made pursuant to Federal Rule of Civil Procedure 55(b)(1). Because the application includes a request for attorney's fees, I will construe Plaintiff's application as a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the following reasons, I will grant the motion.

## I. PROCEDURAL BACKGROUND

On October 28, 2022, Plaintiff National Salvage & Service Corporation (NSSC), filed a complaint in the above-captioned action alleging that Defendants Sula Valley Biogas, SA de C.V and Honduran Green Power Corporation breached their contract with NSSC and that NSSC suffered actual damages totaling $337,062.60 because of that breach. D.I. 1 at 2–5. The complaint requests actual damages in that amount, plus pre- and post-judgment interest, costs, and reasonable attorney's fees pursuant to the terms of the contract. D.I. 1 at 10. Although Defendants were properly served with the summons and complaint, Defendants have not appeared, answered, moved, or otherwise responded to the pleading. After Defendants failed to respond to the pleading, NSSC requested, and the Clerk of Court entered, default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. D.I. 11; D.I. 13.

In its application for default judgment, NSSC seems to request that the Clerk of Court enter default judgment against Defendants pursuant to Rule 55(b)(1). *See* D.I. 14 at 2. The Clerk, however, may not enter default judgment under Rule 55(b)(1) because NSSC seeks not only a "sum certain," but also attorney's fees. D.I. 14 at 2–3.

*See* Fed. R. Civ. P. 55(b)(1) (stating that the clerk may enter default judgment only where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); *Design & Dev., Inc. v. Vibromatic Mfg., Inc.*, 58 F.R.D. 71, 74 (E.D. Pa. 1973) (holding that it was error for the Clerk to enter default judgment as to the amount of reasonable attorney's fees and that the court would hold a hearing to determine the proper amount); 10A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure* § 2683 (4th ed. 2023) ("[I]t has been held that the need to fix 'reasonable' attorney's fees prevents the clerk from entering a judgment under Rule 55(b)(1)."); 10 James W. Moore, *Moore's Federal Practice* § 55.20 (3rd ed. 2023) ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees and, if an award will be made, in what amount."). Thus, the Court will construe NSSC's application as a motion for default judgment to be entered by the Court under Rule 55(b)(2).

## II. LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment against a Defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). But entry of default does not entitle a claimant to default judgment as a matter of right. Even when a party has defaulted and all the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the Defendants have a meritorious

defense; and (3) whether the defaulting Defendants' conduct is excusable or culpable. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). But when a Defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances. *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir.1990) ("When a Defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

Courts have a "positive and affirmative function in the fee fixing process, not merely a passive role." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001); *see also Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001) ("It is important that we reiterate our admonition in *Maldonado* that fee requests be subjected to a thorough and searching analysis. . . . [I]t is necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request.") (internal emphasis omitted). In determining whether an attorney's fee request is reasonable, courts in the Third Circuit "use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado*, 256 F.3d at 184. The party seeking attorney's fees bears the burden of showing that the claimed rates and number of hours are reasonable. *Clemens v. N.Y. Central Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018) ("Under the lodestar

3

method, the party seeking attorney's fees has the burden to prove that its request is reasonable." (cleaned up)).

"In calculating the hours reasonably expended, a court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Maldonado*, 256 F.3d at 184 (cleaned up). "Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). In determining whether a requested hourly rate is reasonable, courts must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (cleaned up). The prevailing party has the burden of establishing that the hourly rate is reasonable compared to prevailing market rates "by way of satisfactory evidence, in addition to the attorney's own affidavits." *Id.* (cleaned up) (quoting *Washington v. Philadelphia Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir.1996)).

## III. DISCUSSION

The factors articulated in *Chamberlain* weigh in favor of granting default judgment. *See Chamberlain*, 210 F.3d at 164. First, there is a risk of prejudice to NSSC if default is denied, as Defendants owe NSSC hundreds of thousands of dollars. Second, Defendants have not asserted any defense, either by answering the allegations of the complaint or by opposing the present motion for default judgment. Finally, the Court can find no excuse or reason for Defendants' default other than its

own conduct. The record shows that Defendants were served with the required documents at the address for notice recited in the contract. *Compare* D.I. 1-1 at 7 (listing the notice address), *with* D.I. 8 (showing service at that same address). Despite this fact, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear. Therefore, I find that Defendants are culpable for their failure to appear and that there is no basis to excuse this conduct. Accordingly, default judgment is warranted.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (quoting 10C Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure*, § 2688 at 444 (2d ed. 1983)). With the exception of attorney's fees, the allegations in the complaint, taken as true, are sufficient to show that NSSC is entitled to the requested relief. Further, NSSC supports its request with exhibits and a declaration. D.I.s 1-1; 1-2; 17. These exhibits and declaration further confirm that NSSC is entitled to the requested relief.

Regarding attorney's fees, I find that NSSC has not carried its burden to show that the requested attorney's fees are reasonable. NSSC has not submitted sufficient evidence for me to review "whether the hours set out were reasonably expended for *each* of the particular purposes described." *Maldonado*, 256 F.3d at 184 (emphasis added). While NSSC has submitted two affidavits from its attorneys stating the total hours worked, *see* D.I.s 15, 16, those affidavits do not detail the number hours of

5

devoted to each task. Nor has NSSC submitted evidence that the rates charged are reasonable compared to the prevailing market rate in the relevant community by evidence other than the "attorney's own affidavits." *Maldonado*, 256 F.3d at 184.

## IV. CONCLUSION

For the foregoing reasons, I find that entry of default judgment is warranted but that NSSC has not shown that the requested attorney's fees are reasonable.

I will issue an Order consistent with this Memorandum Opinion.